UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 18-cr-0014 (WMW/BRT) |
| Plaintiff, | |
| v. | **ORDER** |
| Carl Marquis Maddox (1), | |
| Defendant. | |

---

This matter is before the Court on Defendant Carl Marquis Maddox's motion requesting a 6-month extension of time to file a motion to vacate his conviction or sentence pursuant to 28 U.S.C. § 2255.

Maddox pleaded guilty in May 2018 to one count of possession with the intent to distribute heroin and cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The Court sentenced Maddox to 144 months' imprisonment in October 2018. Maddox appealed his sentence, which the United States Court of Appeals for the Eighth Circuit affirmed on December 3, 2019. *United States v. Maddox*, 786 F. App'x 616 (8th Cir. 2019).

A Section 2255 motion to vacate a conviction or sentence must be filed within one year after a judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). For purposes of Section 2255, a conviction becomes final "after the 90-day period for filing a petition for a writ of certiorari [has] expired." *Muhammad v. United States*, 735 F.3d 812, 814 (8th Cir. 2013). The Eighth Circuit entered judgment in Maddox's direct appeal on

December 3, 2019, and Maddox's 90-day period for filing a petition for a writ of certiorari expired on March 2, 2020. As such, the deadline for Maddox to file a Section 2255 motion is March 2, 2021. Maddox now seeks, preemptively, a 6-month extension to that deadline.

The limitations period in Section 2255 "is not jurisdictional and is therefore subject to the doctrine of equitable tolling." *English v. United States*, 840 F.3d 957, 958 (8th Cir. 2016) (citing *Holland v. Florida*, 560 U.S. 631, 645 (2010)). "Equitable tolling is an extraordinary remedy that affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Chachanko v. United States*, 935 F.3d 627, 629 (8th Cir. 2019) (internal quotation marks omitted). But a district court may grant an extension of time to file a Section 2255 motion *only* if the defendant (1) requests the extension *at the same time* or *after* filing a Section 2255 motion and (2) demonstrates that "rare and exceptional" circumstances warrant equitably tolling the limitations period. *Green v. United States*, 260 F.3d 78, 82–83 (2d Cir. 2001); *accord Meads v. United States*, No. 08-3420-CV-S-RED, 2009 WL 900747, at *2 n.2 (W.D. Mo. Apr. 1, 2009); *United States v. Anderson*, No. 03-426 (RHK/AJB), 2007 WL 2973838, at *1 (D. Minn. Oct. 9, 2007).

Maddox's pending motion for an extension of time is premature. If Maddox wishes to request an extension of time to file a Section 2255 motion, he must file that request when he files his Section 2255 motion. If he does so, Maddox also must demonstrate that he is entitled to equitable tolling, which is available "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way and prevented timely filing." *Chachanko*, 935 F.3d at 629 (internal quotation marks omitted).  Because Maddox's pending motion is premature, this Court lacks the authority to grant the extension that he seeks, and his motion must be denied without prejudice.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that Defendant Carl Marquis Maddox's motion for an extension of time, (Dkt. 160), is **DENIED WITHOUT PREJUDICE**.

Dated:  February 17, 2021               s/Wilhelmina M. Wright
                                        Wilhelmina M. Wright
                                        United States District Judge