UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 18-cr-0014 (WMW/BRT) |
| Plaintiff, | |
| v. | **ORDER** |
| Carl Marquis Maddox (1), | |
| Defendant. | |

---

This matter is before the Court on Defendant Carl Marquis Maddox's motion for an extension of time to supplement or amend his pending motion to vacate his conviction or sentence pursuant to 28 U.S.C. § 2255.  (Dkt. 166.)

Maddox pleaded guilty in May 2018 to possessing with the intent to distribute heroin and cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).  The Court sentenced Maddox to 144 months' imprisonment in October 2018.  Maddox appealed his sentence, which the United States Court of Appeals for the Eighth Circuit affirmed on December 3, 2019.  *United States v. Maddox*, 786 F. App'x 616, 617 (8th Cir. 2019).

A Section 2255 motion to vacate a conviction or sentence must be filed within one year after a judgment of conviction becomes final.  28 U.S.C. § 2255(f)(1).  For purposes of Section 2255, a conviction becomes final "after the 90-day period for filing a petition for a writ of certiorari [has] expired."  *Muhammad v. United States*, 735 F.3d 812, 814 (8th Cir. 2013).  The Eighth Circuit entered judgment in Maddox's direct appeal on December 3, 2019, and Maddox's 90-day period for filing a petition for a writ of certiorari expired on

March 2, 2020. As such, the deadline for Maddox to file a Section 2255 motion was March 2, 2021. Maddox filed a timely Section 2255 motion on February 25, 2021.[1]

Maddox jointly filed his Section 2255 motion with the pending motion for an extension of time to supplement or amend his Section 2255 motion. Maddox contends that he requires additional time to research and draft a meaningful memorandum of law in support of his pending Section 2255 motion and that his efforts to do so have been impeded by prison lockdowns and other measures implemented by the Federal Bureau of Prisons (BOP) as a result of the ongoing COVID-19 pandemic. Specifically, Maddox asserts that he has lacked access to, among other things, the prison law library, a typewriter, a computer, a copy machine, and his personal property. As such, Maddox seeks a 180-day extension of time to supplement or amend his Section 2255 motion.

"The Federal Rules of Civil Procedure govern habeas proceedings unless superseded by the rules governing section 2254 or 2255 cases." *Barnett v. Roper*, 541 F.3d 804, 807 (8th Cir. 2008). A party may amend a pleading once as a matter of course within 21 days after serving it or within 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). This rule applies to amendments to a Section 2255 motion. *See United States v. Harrison*, 469 F.3d 1216, 1217 (8th Cir. 2006).

---

[1] Although the Court did not receive Maddox's Section 2255 motion until March 5, 2021, the record reflects that Maddox delivered his Section 2255 motion to the prison mailing system on February 25, 2021. Therefore, Maddox's Section 2255 motion is deemed to have been filed on that date. *See Grady v. United States*, 269 F.3d 913, 916 (8th Cir. 2001) (explaining that under the "prison mailbox rule," a *pro se* prisoner's Section 2255 motion is deemed to be filed "at the moment [the prisoner] delivered it to the warden for forwarding to the clerk of the district court").

Maddox seeks additional time to supplement or amend his Section 2255 motion *after* the one-year limitations period has ended. For that reason, his ability to amend his Section 2255 motion "as a matter of course" is limited. *See Johnson v. United States*, 860 F. Supp. 2d 663, 706–10 (N.D. Iowa 2012). To the extent that Maddox seeks to supplement claims that he raised in his timely Section 2255 motion, such supplementation "may be deemed timely if [it] relate[s] back to a timely filed motion" pursuant to Rule 15(c). *Dodd v. United States*, 614 F.3d 512, 515 (8th Cir. 2010).

However, untimely Section 2255 claims that do *not* relate back to a timely motion may be considered only if they meet the requirements for equitable tolling. *See Johnson*, 860 F. Supp. 2d at 706–10. The limitations period in Section 2255 "is not jurisdictional and is therefore subject to the doctrine of equitable tolling." *English v. United States*, 840 F.3d 957, 958 (8th Cir. 2016) (citing *Holland v. Florida*, 560 U.S. 631, 645 (2010)). "Equitable tolling is an extraordinary remedy that affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Chachanko v. United States*, 935 F.3d 627, 629 (8th Cir. 2019) (internal quotation marks omitted). "A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (internal quotation marks omitted).

The nature of any forthcoming supplement or amendment that Maddox wishes to make to his pending Section 2255 motion is unclear. As such, the Court lacks sufficient information to determine whether any supplement or amendment could be deemed timely

either because it relates back to Maddox's pending Section 2255 motion or because it is subject to equitable tolling.  Thus, the Court reserves judgment as to whether any forthcoming supplement or amendment will be permitted.  But the Court has discretion to consider a request for leave to amend at any time.  *See* Fed. R. Civ. P. 15(a)(1)(2) (providing that a "court should freely give leave [to amend] when justice so requires"). The Court also has discretion to set the briefing schedule as to Maddox's pending Section 2255 motion.  *See generally* Rules Governing Section 2255 Proceedings.  Because Maddox has demonstrated good cause based on the restrictions imposed on him by the BOP during the ongoing COVID-19 pandemic, the Court will provide Maddox an additional 180 days, calculated from the date his motion was filed, to file a supplemental memorandum of law in support of his pending Section 2255 motion.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Carl Marquis Maddox's motion for an extension of time to supplement or amend his pending Section 2255 motion, (Dkt. 166), is **GRANTED**.

2. Defendant Carl Marquis Maddox may file a supplemental memorandum of law in support of his Section 2255 motion no later than August 24, 2021.

Dated:  April 19, 2021                                          s/Wilhelmina M. Wright
                                                                Wilhelmina M. Wright
                                                                United States District Judge