UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,

Case No. 18-cr-0014 (WMW/BRT)

Plaintiff,

**ORDER**

v.

Carl Marquis Maddox (1),

Defendant.

---

This matter is before the Court on Defendant Carl Marquis Maddox's motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. (Dkt. 165.) Plaintiff United States of America opposes the motion. For the reasons addressed below, Maddox's motion is denied.

**BACKGROUND**

Maddox pleaded guilty in May 2018 to possessing with the intent to distribute heroin and cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). At the change-of-plea hearing, the Court followed its standard practice by advising Maddox of his rights, the charges against him, the elements of the offense to which he wished to plead guilty, and the possible penalties he would face if he pleaded guilty. Before pleading guilty, Maddox acknowledged under oath that he understood these aspects of the case and that he knowingly, intelligently, and voluntarily waived his rights. Maddox also stated under oath that he had told his attorney everything that he wanted his attorney to know about

the case, that he had fully discussed the charges and the plea agreement with his attorney, and that he was fully satisfied with the legal services he had received from his attorney.

Maddox also admitted, under oath, the factual basis for his guilty plea. Specifically, Maddox agreed that police found 936.2 grams of heroin and 160 grams of cocaine in his apartment. Maddox agreed that those drugs belonged to him and that he voluntarily possessed the drugs with the intent to distribute at least some of them. And Maddox admitted these facts in the written plea agreement, which he signed.

After addressing the factual basis for Maddox's offense, Maddox acknowledged under oath that he had not been forced, threatened, or coerced to plead guilty; that he wished to voluntarily plead guilty because he was, in fact, guilty of the charged offense; and that he had no questions for the Court or his attorney. Maddox then unequivocally pleaded guilty to possessing with the intent to distribute heroin and cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The Court accepted Maddox's plea and adjudged him guilty as a matter of law.

The Court held a sentencing hearing in October 2018. During the sentencing hearing, Maddox expressed disappointment that the United States had not moved for a downward departure for substantial assistance based on Maddox's purported cooperation. In response, the United States acknowledged that Maddox "attempted to cooperate, or at least attempted to receive a motion for a downward departure." But the United States argued that Maddox's purported cooperation was "disingenuous" and that Maddox

"minimized his involvement" in the offense. Neither party sought a downward departure, and the Court sentenced Maddox to 144 months' imprisonment.

Maddox appealed, and the United States Court of Appeals for the Eighth Circuit affirmed. *United States v. Maddox*, 786 F. App'x 616, 617 (8th Cir. 2019). In doing so, the Eighth Circuit rejected Maddox's argument that this Court should have conducted a hearing as to the United States's decision not to seek a downward departure for substantial assistance because "Maddox presented no evidence . . . that he had provided substantial assistance to the government." *Id.* The Eighth Circuit also expressly declined to consider Maddox's argument that his guilty plea was involuntary because Maddox had not moved to withdraw his guilty plea in the district court. *Id.* at 616. Maddox now moves to vacate his conviction and sentence.

## ANALYSIS

A federal prisoner may move to vacate a conviction or sentence "for jurisdictional and constitutional errors" or fundamental errors of law that inherently result "in a complete miscarriage of justice." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (internal quotation marks omitted). A *pro se* litigant's filings are liberally construed and held to less stringent standards than filings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). But it is the defendant's burden to establish that Section 2255 relief is warranted. *See Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004); *Cassidy v. United States*, 428 F.2d 585, 587 (8th Cir. 1970).

Maddox's arguments primarily relate to the validity of his conviction. When a defendant enters a guilty plea and later challenges his conviction in a Section 2255 motion, "the focus of collateral attack is limited to the nature of counsel's advice and the voluntariness of the plea." *Bass v. United States*, 739 F.2d 405, 406 (8th Cir. 1984) (citing *Tollett v. Henderson*, 411 U.S. 258, 266 (1973)). Because Maddox pleaded guilty, the Court limits its analysis accordingly.

## I.    Equitable Tolling and the Scope of Maddox's Motion

As an initial matter, the Court must determine the scope of Maddox's Section 2255 motion in light of the arguments he advances in his supplemental filings.

Maddox filed the pending timely motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 and, in doing so, sought an extension of time to supplement his motion. The Court granted Maddox's requested extension of time, and Maddox supplemented his Section 2255 motion in August 2021. But, as the Court explained, Maddox's ability to amend his Section 2255 motion "as a matter of course" is limited. *See Johnson v. United States*, 860 F. Supp. 2d 663, 706–10 (N.D. Iowa 2012). Any such supplementation "may be deemed timely if [it] relate[s] back to a timely filed motion" pursuant to Rule 15(c). *Dodd v. United States*, 614 F.3d 512, 515 (8th Cir. 2010). However, untimely Section 2255 claims that do *not* relate back to a timely motion may be considered only if they meet the requirements for equitable tolling. *See Johnson*, 860 F. Supp. 2d at 706–10. The limitations period in Section 2255 "is not jurisdictional and is therefore subject to the doctrine of equitable tolling." *English v. United States*, 840 F.3d

957, 958 (8th Cir. 2016) (citing *Holland v. Florida*, 560 U.S. 631, 645 (2010)). "Equitable tolling is an extraordinary remedy that affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Chachanko v. United States*, 935 F.3d 627, 629 (8th Cir. 2019) (internal quotation marks omitted). "A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (internal quotation marks omitted).

In his initial timely Section 2255 motion, Maddox asserts five grounds for relief. First, that the United States engaged in prosecutorial misconduct by coercing another individual to implicate Maddox as the person to whom the drugs belonged. Second, that the search warrant used to search Maddox's apartment was obtained in violation of the Fourth Amendment to the United States Constitution, and Maddox's counsel provided ineffective assistance by failing to challenge the warrant. Third, that Maddox is innocent of the offense to which he pleaded guilty. Fourth, that defense counsel rendered ineffective assistance by failing to obtain a sentence reduction for substantial assistance. And fifth, that defense counsel rendered ineffective assistance in several other miscellaneous ways. In his supplemental memorandum of law, Maddox largely addresses the foregoing grounds for relief and, therefore, these arguments relate back to the timely Section 2255 motion. But Maddox's supplemental memorandum of law also purports to assert "additional grounds" for vacating his conviction and sentence, and Maddox attempts to challenge other aspects of his prosecution, including the application

of certain sentencing enhancements.  Maddox's supplemental memorandum of law does not address equitable tolling, however, and these new arguments are untimely.

Accordingly, the Court's analysis is limited to the grounds raised in Maddox's timely Section 2255 motion.  To the extent that Maddox purports to assert additional grounds for relief for the first time in his supplemental and reply memoranda of law, those arguments are untimely and will not be considered.

## II.    Voluntariness of Plea

Maddox argues that his guilty plea was involuntary because he was coerced to plead guilty based on false evidence and promises from his attorney and the United States.

"To be constitutionally valid, a guilty plea must be knowing, voluntary, and intelligent." *United States v. Martinez-Cruz*, 186 F.3d 1102, 1104 (8th Cir. 1999) (citing *Parke v. Raley*, 506 U.S. 20, 28 (1992)).  A guilty plea "must be made 'with sufficient awareness of the relevant circumstances and likely consequences.' " *Id.* (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)).  "The rule that a plea must be intelligently made to be valid does not [mean] that a plea [is] vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision." *United States v. Gomez*, 326 F.3d 971, 975 (8th Cir. 2003) (quoting *Brady*, 397 U.S. at 757).

Maddox argues that his guilty plea was involuntary because he was coerced to do so based on promises that he would receive a downward departure for substantial assistance.  In his direct appeal, Maddox similarly argued that he provided substantial assistance to the government.  The Eighth Circuit rejected this argument, observing that

Maddox had "presented no evidence to support the claim." *Maddox*, 786 F. App'x at 617. Because this issue was expressly raised and rejected on direct appeal, the argument is procedurally barred. *See Lefkowitz v. United States*, 446 F.3d 788, 791 (8th Cir. 2006).

Even if this argument were not procedurally barred, the argument lacks merit. In support of his argument, Maddox relies on his own affidavit attesting as follows:

> I specifically told my counsel that I did not trust that the government would award me a sentence reduction if I cooperated and I wanted him and the prosecutor to promise me in writing that if I cooperated I would be guaranteed a 5k1 motion [for a downward departure for substantial assistance] and he told me that he would get this done. After meeting with [defense counsel] I was still skeptical about cooperating with the government so I told my fiancé . . . to message him on my behalf. In this message I stressed to him again that the government is known for allowing people to cooperate and then will back out and not reward people for their cooperation. I asked him in this message to promise/guarantee me a 5k1 motion and in this message he gave me this promise.

Maddox also relies on copies of text messages between Maddox's fiancé and defense counsel, in which defense counsel acknowledged that the possibility of a sentence reduction for cooperation would be considered. But nothing in the record demonstrates that either defense counsel or the United States promised or guaranteed Maddox that any such reduction would be requested or granted. Nor does the record include any evidence of the assistance that Maddox purports to have provided to the government.

Indeed, the record contradicts Maddox's assertion that he pleaded guilty based on the promise of a guaranteed sentence reduction. At the change-of-plea hearing, Maddox attested under oath that he had read the plea agreement, discussed the plea agreement

with his attorney, and understood all the terms of the plea agreement, which included no guaranteed sentence reduction. Maddox acknowledged that he reserved the right to seek a lower sentence, the government reserved the right to seek a higher sentence, and the Court would decide the sentence and would not be bound by anything in the plea agreement. The Court advised Maddox that he would not be able to withdraw his guilty plea if he received a sentence higher than what he expected, and Maddox said that he understood. Maddox also repeatedly acknowledged that the plea agreement was the entire agreement between the parties; that no other promises had been made to him to convince him to plead guilty; that no one had forced, coerced or threatened Maddox to convince him to plead guilty; that his guilty plea was voluntary and of his own free will; and that he was pleading guilty because he is guilty of the charged offense. Moreover, Maddox made no attempt to challenge the voluntariness of his guilty plea until *after* he had been sentenced.

Maddox also contends that he pleaded guilty solely because law enforcement coerced Maddox's co-defendant to make incriminating statements against Maddox, which his co-defendant allegedly now recants. But Maddox attested under oath that he was entering his guilty plea freely and voluntarily because he is guilty of the charged offense. And he did so after the Court had advised him that, if he went to trial, he would have the right to challenge the evidence against him and present contrary evidence. Moreover, as addressed herein, the record includes substantial evidence of Maddox's factual guilt, consistent with his guilty plea.

Even accepting Maddox's after-the-fact contention that his decision to plead guilty was influenced by the possibility that his co-defendant would testify against him, he has not demonstrated that such testimony would have been fabricated or false. As the Eighth Circuit has recognized, "recantations of testimony generally are viewed with suspicion." *Wadlington v. United States*, 428 F.3d 779, 784 (8th Cir. 2005). Here, the purported October 2018 recantation contradicts statements that Maddox's co-defendant made to law enforcement in November 2017, to the Court in October 2018 under oath, and again to the Court in January 2019 through counsel—statements that consistently implicated both Maddox and his co-defendant. Because the purported recantation is contrary to the record and lacks credibility, Maddox has not demonstrated that his guilty plea was involuntary on this basis.

For these reasons, Maddox has not demonstrated that his guilty plea was coerced or otherwise involuntary.

## III. Actual Innocence

Maddox argues that, contrary to his sworn admissions at his change-of-plea hearing, he did not possess heroin or cocaine. Because Maddox did not raise this argument in his direct appeal, the argument is procedurally defaulted. *See Dejan v. United States*, 208 F.3d 682, 686–87 (8th Cir. 2000).

When "a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice or that he is actually innocent." *Id.* at 685

(quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal quotation marks omitted)).  A defendant typically cannot establish cause or actual prejudice when, as here, the basis for challenging the guilty plea was reasonably available when the guilty plea was entered.  *Id.*  Therefore, Maddox can avoid procedural default only if he can establish actual innocence.

To satisfy the actual-innocence exception to procedural default, a defendant "must not only show actual innocence of the . . . conviction for which he pleaded guilty, but he also must show actual innocence of the [other charges] that [were] foregone by the government as part of [the defendant's] plea bargain."  *Id.* at 686.  To avoid procedural default here, it is Maddox's burden to show by a preponderance of the evidence that no reasonable juror would have convicted him of *either* of the two charges in the indictment, including the conspiracy charge to which he did *not* plead guilty.  *Id.*  Maddox "must show factual innocence, not simply legal insufficiency of evidence to support a conviction."  *Id.*  This means that the Court can rely on evidence of Maddox's guilt even if that evidence was not presented during his plea colloquy.  *Bousley*, 523 U.S. at 624.

Maddox contends that he did not know about or possess the heroin and cocaine underlying his conviction because he was not at the apartment where the drugs were seized at the time of the search.  Maddox's argument is contrary to the law and the established facts, including Maddox's own admissions on multiple occasions.  "A person who, although not in actual possession, has both knowledge of presence and control over a thing, either directly or through another person, is in constructive possession of it."

*United States v. Peebles*, 883 F.3d 1062, 1068 (8th Cir. 2018).   Maddox unequivocally admitted, under oath, that police found 936.2 grams of heroin and 160 grams of cocaine in his apartment, that those drugs belonged to him, and that he voluntarily possessed the drugs with the intent to distribute at least some of them.   Maddox also admitted to these facts in the written plea agreement, which he signed.   And these facts are corroborated by other evidence in the record, including the Presentence Investigation Report (PSR), to which Maddox did not object.   Indeed, the PSR includes a statement in which Maddox accepts responsibility for his criminal conduct, for which Maddox received a reduction in his offense level for acceptance of responsibility.   Moreover, Maddox has not even attempted to demonstrate factual innocence as to the conspiracy offense that the United States dismissed in exchange for Maddox's guilty plea.

Because Maddox has not demonstrated actual innocence of the criminal conduct in this case, he cannot avoid procedural default.   Therefore, Maddox is limited to challenging the effectiveness of counsel.

## IV.   Ineffective Assistance of Counsel

Maddox argues that his defense attorney provided ineffective assistance by failing to investigate adequately and seek the suppression of certain evidence and by failing to obtain a sentence reduction for substantial assistance.[1]

---

[1]   In his initial Section 2255 motion, Maddox also asserts that defense counsel was ineffective in other ways, including "failure to know pre-existing law" and failure to file a requested notice of appeal.   But aside from these bare assertions, Maddox has not developed these arguments with any legal or factual detail.   Moreover, the record reflects

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the [a]ssistance of [c]ounsel for his defen[se]." U.S. Const. amend. VI. A criminal defendant is constitutionally entitled to the *effective* assistance of counsel. *Evitts v. Lucey*, 469 U.S. 387, 395 (1985). A claim of ineffective assistance of counsel may be brought in a collateral proceeding under Section 2255 even if the petitioner could have raised the claim on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *see also United States v. Jones*, 121 F.3d 369, 370 (8th Cir. 1997) (observing that claims of ineffective assistance of counsel typically are not cognizable on direct appeal).

To prevail on a claim of ineffective assistance of counsel, a defendant must show that (1) "counsel's representation fell below an objective standard of reasonableness" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "Judicial scrutiny of counsel's performance must be highly deferential," and courts apply "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Counsel's "strategic choices" executed after a thorough investigation of the relevant law and facts "are virtually unchallengeable." *Id.* at 690.

---

that Maddox filed a notice of appeal. As such, the Court declines to address these miscellaneous grounds for relief.

### A.      Pre-Plea Investigation and Suppression of Evidence

Maddox first argues that his defense attorney failed to investigate adequately the evidence against Maddox and failed to challenge or seek the suppression of certain evidence—namely, the evidence law enforcement obtained pursuant to a search warrant and possible incriminating statements from Maddox's co-defendant.

Defense counsel must "make a reasonable investigation in the preparation of a case or make a reasonable decision not to conduct a particular investigation." *Kenley v. Armontrout*, 937 F.2d 1298, 1304 (8th Cir. 1991) (citing *Strickland*, 466 U.S. at 691).  As such, "counsel must exercise reasonable diligence to produce exculpatory evidence and strategy resulting from lack of diligence in preparation and investigation is not protected by the presumption in favor of counsel." *Id.*  However, to demonstrate the requisite "prejudice" necessary to invalidate a guilty plea based on ineffective assistance of counsel, a defendant must "show that there is a reasonable probability that, but for counsel's errors, [defendant] would not have pleaded guilty and would have insisted on going to trial." *United States v. Marcos-Quiroga*, 478 F. Supp. 2d 1114, 1130 (N.D. Iowa 2007) (quoting *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985)).

Here, defense counsel filed a dozen pretrial motions on behalf of Maddox, including multiple motions to suppress evidence.  Before the magistrate judge could consider these motions, Maddox withdrew the motions and requested a change-of-plea hearing.  At Maddox's change-of-plea hearing, the Court advised Maddox of his rights, including his right to file pretrial motions.  Specifically, the Court advised Maddox that,

13

"if you plead guilty, you'll give up your right to file any motions before trial, such as motions asking me to rule that certain evidence cannot be used against you, essentially a suppression motion."  Maddox acknowledged under oath that he understood these rights and that he knowingly, intelligently, and voluntarily waived these rights.  "The general rule is that a valid guilty plea waives all non-jurisdictional defects."  *United States v. Beck*, 250 F.3d 1163, 1166 (8th Cir. 2001) (internal quotation marks omitted); *accord Smith v. United States*, 876 F.2d 655, 657 (8th Cir. 1989) (recognizing that a defendant who pleads guilty waives all non-jurisdictional challenges to his prosecution, including claims related to searches and seizures).  Maddox cannot challenge his conviction on the grounds that his counsel failed to adequately investigate and litigate pretrial motions that Maddox expressly waived his right to pursue.

Even if Maddox had not waived his right to pursue pretrial motions, to prevail on his ineffective-assistance claim Maddox must show that his counsel's performance did not meet an objective standard of reasonableness *and* that counsel's errors prejudiced Maddox.  *See Strickland*, 466 U.S. at 687.  Maddox has made neither showing here.

Before Maddox pleaded guilty, his defense counsel moved to suppress evidence on multiple grounds.  Maddox now argues that defense counsel also should have challenged the validity of the search warrant affidavit.  But Maddox does not plausibly demonstrate that such a challenge would have been successful.  Counsel is not ineffective by failing to advance an argument that has no support in the law or is unlikely to succeed.  *See, e.g.*, *Toledo v. United States*, 581 F.3d 678, 681 (8th Cir. 2009); *Allen v. Nix*, 55 F.3d

414, 417 (8th Cir. 1995).   Maddox contends that the search warrant affidavit falsely asserts that the apartment to be searched was leased to Maddox.   But the record demonstrates that this aspect of the affidavit was neither knowingly false nor material to the probable-cause determination.   Maddox also challenges the existence of the cooperating defendant referenced in the affidavit, but he provides no plausible legal or factual basis for doing so.   Nor does Maddox address the good-faith exception to the exclusionary rule, under which seized evidence is not subject to suppression when an officer reasonable relies on a search warrant.   *See United States v. Leon*, 468 U.S. 897, 922–23 (1984).   Because challenging this search warrant affidavit likely would have been unsuccessful, Maddox has not demonstrated that defense counsel acted unreasonably by not investigating this issue further or seeking to suppress evidence on this basis.

Maddox also argues that defense counsel failed to adequately investigate and challenge possible incriminating testimony from Maddox's co-defendant.   As addressed in Part II of this Order, however, the purported recantation of Maddox's co-defendant is contrary to the record and lacks credibility.   Even if the recantation were credible, it did not occur until *after* the Court sentenced Maddox.   Maddox provides no evidence or argument suggesting that defense counsel had a reasonable basis to investigate or challenge this evidence at the time of Maddox's guilty plea.   Nor has Maddox demonstrated that defense counsel unreasonably failed to investigate any other exculpatory evidence—indeed, as addressed in Part III of this Order, Maddox has not identified evidence that he is innocent.

In addition, Maddox has not shown a reasonable probability that, had defense counsel more thoroughly investigated or litigated these issues, Maddox "would not have pleaded guilty and would have insisted on going to trial." *Marcos-Quiroga*, 478 F. Supp. 2d at 1140 (quoting *Hill*, 474 U.S. at 59). Therefore, Maddox has not established either that his counsel's performance failed to meet an objective standard of reasonableness or that his counsel's alleged errors prejudiced Maddox.

For these reasons, Maddox has not demonstrated that he received ineffective assistance of counsel on this basis.

### B.    Sentence Reduction for Substantial Assistance

Maddox also argues that defense counsel provided ineffective assistance by failing to obtain a sentence reduction for substantial assistance. In particular, Maddox contends that defense counsel should have secured a guarantee from the United States that such a reduction would be sought and defense counsel should have moved to compel the United States to make such a motion.

For the reasons addressed in Part II of this Order, this argument lacks merit. On direct appeal, the Eighth Circuit rejected Maddox's argument that he was entitled to a sentence reduction for substantial assistance because Maddox presented no evidence that he had provided such assistance. *See Maddox*, 786 F. App'x at 617 ("Maddox presented no evidence to support the claim that he had provided substantial assistance to the government."). Maddox's argument fares no better now. As the Eighth Circuit observed in Maddox's direct appeal, a "district court can review the government's decision not to

file a substantial assistance motion only if a defendant has made a substantial threshold showing that the decision was based on an unconstitutional motive or was not rationally related to any legitimate Government end, such as when its decision was made in bad faith." *Id.* (quoting *United States v. Hart*, 397 F.3d 643, 646 (8th Cir. 2005)).  Here, the record does not demonstrate that defense counsel guaranteed that Maddox would receive a downward departure for substantial assistance.  Nor does the record demonstrate that Maddox provided substantial assistance to the government.  As such, Maddox has not established that defense counsel acted unreasonably by not moving to compel the United States to seek a downward departure for substantial assistance.

For these reasons, Maddox has not demonstrated that he received ineffective assistance of counsel on this basis.

### V.    Evidentiary Hearing

A district court may hold an evidentiary hearing on a Section 2255 motion to resolve disputed material facts.  *See* 28 U.S.C. § 2255(b).  But an evidentiary hearing is not required if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003).  Because Maddox's allegations are contradicted by the record and would not entitle him to relief even if accepted as true, an evidentiary hearing is not warranted.

## VI.    Certificate of Appealability

When a final order is issued in a Section 2255 proceeding, a "certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   For the reasons addressed above, the Court concludes that Maddox has not made a substantial showing of the denial of a constitutional right.   Accordingly, no certificate of appealability shall issue.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1.      Defendant Carl Marquis Maddox's motion to vacate his convictions and sentence pursuant to 28 U.S.C. § 2255, (Dkt. 165), is **DENIED**.

2.      Defendant Carl Marquis Maddox's motion for discovery, (Dkt. 170), is **DENIED**.

3.      Defendant Carl Marquis Maddox's motion to supplement or amend his Section 2255 motion, (Dkt. 171), is **GRANTED IN PART AND DENIED IN PART** as addressed herein.

4.      No certificate of appealability shall issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: April 15, 2022                                    s/Wilhelmina M. Wright
                                                        Wilhelmina M. Wright
                                                        United States District Judge